# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MOHAMED KAZIM MOMIN, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:18-CR-0352-MLB-RGV-13 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:21-CV-0493-MLB-RGV |

## ORDER AND FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Mohamed Kazim Momin's counseled motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 340], and motion for an evidentiary hearing, [Doc. 341]; and the government's response, [Doc. 346]. For the reasons that follow, Momin's motion for an evidentiary hearing, [Doc. 341], is **DENIED** and it is **RECOMMENDED** that his § 2255 motion be **DENIED**.

## I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a twenty-seven-count indictment against Momin and nineteen co-defendants, charging Momin in Count One with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; in Counts Two through Twenty-Six with wire fraud, in violation of

18 U.S.C. § 1343; and in Count Twenty-Seven with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956. [Doc. 1]. Represented by retained counsel Robert H. Citronberg, Momin pled guilty to Count One, pursuant to a negotiated plea agreement in which the government agreed to dismiss the remaining twenty-six counts. [Doc. 172-1 at 1, 4]. Additionally, the government agreed to recommend that Momin receive a sixteen-level enhancement under U.S.S.G. § 2B1.1(b)(1)(I) because the loss amount reasonably foreseeable to him was more than $1.5 million but less than $3.5 million, and the parties agreed that Momin should receive a three-level enhancement under U.S.S.G. § 3B1.1(b) for his role in the offense. [Id. at 6]. Momin signed the plea agreement and a separate certification section, which states, in relevant part:

> I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. . . No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. . . I am fully satisfied with the representation provided to me by my attorney in this case.

[Id. at 16-17].

At the plea hearing, Momin was placed under oath and affirmed that he understood the rights he was giving up by pleading guilty. [Doc. 275 at 4, 8-12]. Momin acknowledged that he intentionally participated in a scheme to defraud

2

people of money by false pretenses. [Doc. 276 at 5-7]. Momin understood that he faced a possible maximum sentence of twenty years of imprisonment, that the Court would decide what sentence to impose, that whatever the government or his attorney may have told him regarding his sentence was not binding on the Court, and that he could not withdraw his plea if his sentence was more than he expected. [Id. at 10-11]. Momin also understood that the Court would consider the Sentencing Guidelines but was free to impose a sentence outside of the advisory guidelines range up to the twenty-year statutory maximum. [Id. at 14]. Momin admitted that he was pleading guilty because he was guilty of the crime charged in Count One and confirmed that he had signed the plea agreement and the separate certification section and that he had talked about every page of the agreement with his attorney and was familiar with every part of it. [Id. at 15-16]. Momin further understood that the Court was not bound by the sentencing recommendations set forth in the plea agreement. [Id. at 17]. Momin then confirmed that no one had promised him anything other than the terms of the plea agreement; that no one had threatened, pressured, or intimidated him to plead guilty; that he was satisfied with his attorney's representation; and that he had enough time to talk with his attorney before entering his plea. [Id. at 19]. Momin acknowledged that he was pleading

3

guilty freely and voluntarily and that he was, in fact, guilty. [Id. at 21]. The Court accepted Momin's plea. [Id. at 21-22].

At sentencing, Momin did not object to any of the factual findings in the Presentence Investigation Report and the Court adopted those findings, including the sixteen-level enhancement for the loss amount and the three-level enhancement for Momin's role as a manager. [Doc. 277 at 5-6]. The Court determined that Momin's final guidelines range was seventy to eighty-seven months of imprisonment. [Id. at 6]. The Court then granted the government's motion for a downward departure based on Momin's cooperation and calculated the new guidelines range to be fifty-seven to seventy-one months of imprisonment. [Id. at 13-14]. The Court sentenced Momin at the bottom of that range to fifty-seven months of imprisonment. [Id. at 28; Doc. 228]. Momin filed a timely notice of appeal, [Doc. 249], which he later voluntarily dismissed, [Doc. 315].

Momin timely filed this counseled § 2255 motion, arguing that he received ineffective assistance of counsel when counsel (1) failed to object to the loss amount calculation under § 2B1.1(b)(1)(I) and (2) agreed to the role enhancement under § 3B1.1(b). [Doc. 340 at 9-16]. Momin maintains that, but for counsel's errors, his guidelines range would have been lower, and his sentence would likely have been two years less than the sentence he is currently serving. [Id. at 17].

4

Momin has also filed a motion for an evidentiary hearing. [Doc. 341]. The government responds that Momin has failed to show deficient performance by counsel or prejudice and that an evidentiary hearing is not necessary. [Doc. 346 at 8-16]. On January 4, 2023, the parties jointly stipulated that the restitution amount attributable to Momin is $1,575,363.83. [Docs. 400; 401].

## II.  DISCUSSION

### A.  Legal Standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is

entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted). Accordingly, Momin's motion for an evidentiary hearing, [Doc. 341], is **DENIED**.

The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The analysis is two-pronged. However, a court need not address both prongs "if the defendant makes an insufficient showing on one." Id. at 697. A defendant asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. Second, a defendant must demonstrate that counsel's unreasonable acts or omissions prejudiced him. In order to demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A defendant can establish prejudice based on counsel's failure to object to an erroneous Sentencing Guidelines calculation that could have been corrected on appeal, where the application of the correct guideline range would have resulted in less jail time because "any amount of actual

jail time has Sixth Amendment significance." Glover v. United States, 531 U.S. 198, 200, 203 (2001).

To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a § 2255 movant must show that the advice he received from counsel "fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 57, 59 (1985) (citations omitted). Momin has the burden of affirmatively proving prejudice. Gilreath v . Head, 234 F.3d 547, 551 (11th Cir. 2000). Additionally,

> the representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

**B.    Ground One: Loss Amount Calculation**

Momin first argues that counsel should have objected at sentencing to the sixteen-level enhancement under § 2B1.1(b)(1)(I) for a loss amount exceeding $1.5

7

million but less than $3.5 million. [Doc. 340 at 9-11]. Specifically, Momin asserts that the total amount from his bank account and the amounts attributable from his recruits was less than $1.5 million. [Id. at 9]. The government responds that "Momin overlooks . . . other Georgia-based runners . . . whose loss was [also] attributable to [him]." [Doc. 346 at 13]. However, the parties recently agreed that the restitution amount attributable to Momin is $1,575,363.83. [Docs. 400; 401]. Accordingly, Momin cannot show that counsel's failure to object to the § 2B1.1(b)(1)(I) loss amount enhancement was unreasonable or that an objection would have been successful, and therefore, he is not entitled to relief on ground one.

C.   **Ground Two: Role in the Offense**

Next, Momin contends that counsel should not have agreed to the three-level enhancement under § 3B1.1(b) for Momin's role in the offense because he did not act as a manager or a supervisor in the grander conspiracy but was merely a "middleman." [Doc. 340 at 11-16]. Momin points out that he did not compile lead lists used by the call center in India, did not communicate directly with the victims, and only recruited one individual who then recruited four others. [Id. at 13-14]. However, the Eleventh Circuit has held that recruiting runners to join a bank fraud scheme is sufficient to warrant the three-level enhancement under § 3B1.1(b).

8

United States v. Cunningham, 537 F. App'x 878, 880 (11th Cir. 2013) (per curiam). In Cunningham, the Eleventh Circuit rejected defendant's argument that the enhancement was unwarranted because "he did not have any authority over others' actions after he recruited them into the bank fraud scheme." Id. Thus, counsel's decision not to challenge this enhancement was reasonable.[1] Furthermore, Momin has not shown prejudice because he does not allege that he would have insisted on going to trial but for counsel's alleged error in agreeing to the § 3B1.1(b) enhancement. See Hill, 474 U.S. at 60 (finding that petitioner failed to show prejudice because he did not allege that, had counsel given him correct advice, "he would have pleaded not guilty and insisted on going to trial"). Accordingly, he is not entitled to relief on ground two.

### III.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."

---

[1] Momin cites United States v. Martinez, 584 F.3d 1022 (11th Cir. 2009), to support his argument against application of this enhancement. However, Martinez is distinguishable because, among other things, it involved the application of a four-level enhancement for the defendant being a leader, not a three-level manager or supervisor enhancement. Id. at 1025.

Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Based on the foregoing discussion of Momin's grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

## IV. CONCLUSION

For the reasons stated, Momin's motion for an evidentiary hearing, [Doc. 341], is **DENIED**, and **IT IS HEREBY RECOMMENDED** that his § 2255 motion, [Doc. 340], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 7th day of February, 2023.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE