IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

United States of America,

v.  Case No. 1:18-cr-352-MLB

Mohamed Kazim Momin,

        Defendant.

_____/

## ORDER

Movant Mohamed Momin moves to set aside and vacate his sentence pursuant to 28 U.S.C. § 2255 and for an evidentiary hearing in support of that motion. (Dkt. 340.) Magistrate Judge Russell G. Vineyard issued a Report and Recommendation ("R&R"), saying the Court should deny both motions. (Dkt. 404). Movant Momin filed no objections.

"It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). But many district

courts still do conduct a limited review of unobjected-to portions of an R&R, typically for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note (1983 Addition) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Even assuming that review is necessary here, the Court sees no clear error in the Magistrate Judge's conclusions.

The Magistrate Judge correctly summarized the facts regarding Movant's indictment, plea, and sentencing. He also correctly noted Movant and the United States recently filed a joint stipulation that Movant is responsible for $1,575,363 in restitution. (Dkts. 400, 401.) The Magistrate Judge did not err in his factual findings.

To prevail on his ineffective assistance of counsel claim, Movant must show (1) his lawyer's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for the lawyer's errors, the result of the proceeding would have been different (that is, he would have received a more favorable guideline calculation or a lesser sentence). *See Chandler v. United States*, 218 F.3d 1305, 1312-13 (11th Cir. 2000) (en banc) (standard for ineffective

assistance of counsel claim arising from sentencing hearings); *Mack v. United States*, 782 F. App'x 789, 793 (11th Cir. 2019) ("Absent unusual circumstances . . . a defendant who proves he [or she] was sentenced under an incorrect, higher guideline range will not be required to show more to establish prejudice") (internal quotations omitted).[1] The Magistrate Judge concluded Movant failed to establish ineffective assistance of counsel arising from his lawyer's failure to challenge the loss amount attributable to him under the Sentencing Guidelines (an amount the United States told Movant it would seek in the plea agreement) or to the three-level role enhancement (an enhancement Movant agreed he should receive in the plea agreement). (Dkt. 404 at 6-9.) Movant points to no error in that analysis, and the Court sees none on its own.

As to the first issue, the Magistrate Judge properly recognized that, as a member of a conspiracy, Movant was properly held accountable

---

[1] The Court recognizes *Mack* is an unpublished, non-binding opinion but finds it instructive all the same. *See Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 n.5 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").

under the Sentencing Guidelines for loss caused by other so-called "runners" even if he did not directly supervise those people. *See* U.S. Sent'g Guidelines Manual § 1B1.3 (in case of "jointly undertaken criminal activity" relevant conduct incudes reasonably foreseeable acts committed by others within scope and in furtherance of the joint activity during the commission of the offense). There is no doubt the reasonably foreseeable loss attributable to the jointly undertaken activity exceeded $1.5 million. (Presentence Report ("PSR") ¶ 71.) That alone would be enough to deny Movant's claim. But the Magistrate Judge also correctly noted that Movant has now agreed the restitution he must pay also exceeds this amount. As a result of these facts, the Magistrate Judge did not commit clear error (or any error) in finding Movant could not show his lawyer's failure to object to the loss amount was unreasonable or that any such objection would have changed his guideline range or sentence.

As to Movant's second attack, the Magistrate Judge properly concluded Movant's actions in Atlanta to recruit runners to assist in the fraud would support a leadership enhancement as a manager or supervisor, regardless of the things he did not do with co-defendants in India or victims in the United States. (Dkt. 404 at 8.) Saying you did not

4

do certain things that would warrant an enhancement does not mean the things you did are insufficient. Movant did not object to the Presentence Report's conclusion that he (in consultation with co-conspirator's in India) recruited people in Atlanta to retrieve funds from fraudulent wire transfers, instructed the runners where to pick up the money, told them where to deposit the money, gave them fake identifications to use while doing these things, and (when his runners were unavailable) retrieved the money himself. (PSR ¶¶ 33-40, 44-50, 52-54, 56, 63-66.) The PSR also detailed his management of codefendants Pope, Deane, Miller, and Riggins; his admissions that he recruited individuals into the illegal activity, and the items found during the search of his home that showed his participation in the larger illegal activity. (*Id.* at ¶¶ 45-66.) He still does not claim his lawyer should have objected to any of these factual allegations. And, again, he agreed to the leadership enhancement in the plea agreement. These facts provide ample support for the Court's conclusion at sentencing that Movant acted as a manager or supervisor of the illegal activity. In the light of this, the Magistrate Judge did not commit clear error (or any error) in finding Movant could not show his

lawyer's failure to object to the role enhancement was unreasonable or that an objection would have changed his guideline range or sentence.

For these same reasons, the Court finds Movant's allegations of ineffective assistance are patently frivolous, based on unsupported generalizations, and affirmatively contradicted by the record. *Hernandez v. United* States, 778 F.3d 1230, 1232 (11th Cir. 2015) (district court need not hold evidentiary hearing if § 2255 allegations are "patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record" (internal quotations omitted).) Movant's argument that his loss amount should have been limited to the money in his account and the loss attributable to his direct recruits is frivolous because it ignores the scope of the relevant conduct. Similarly, his argument that he cannot be held accountable for loss attributable to people with whom he did not directly interact or know ignores the scope of relevant conduct for jointly undertaken criminal activity. His claim regarding the role enhancement is likewise frivolous and contradicted by the record, especially considering that Movant agreed in his plea agreement that he should receive the role enhancement. The Court thus sees no error err in the Magistrate Judge's conclusion that a hearing is not warranted under 28

U.S.C. § 2255(b). And again for the same reasons, the Court agrees it should deny a certificate of appealability because Movant has not presented a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (certificate of appealability requires movant to show "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further").

The Court **ADOPTS** the Magistrate Judge's Final Report and Recommendation (Dkt. 404); **DENIES** Movant Kazim Momin's motions to vacate and for an evidentiary hearing (Dkts. 340, 341), and **DENIES** a certificate of appealability.

**SO ORDERED** this 2nd day of October, 2023.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE